at all? Where did you put that? I'm sorry. Okay. Thank you. Sorry. Sorry, judge. I just want to thank you for that. I think it's important for the court to get the backdrop of this case in terms of the law that was elicited by the court originally that led to the problem under which we complain. And that's a Rule 56 hearing that is processed in Maine where you have a discussion with the judge, the parties, attorneys, and at that point you try to narrow down the issues and the judge makes some ruling based on the issues being discussed. And you have to have a foundation at trial for admissibility. I haven't found anything in the record that suggests that you laid a foundation or that you pointed to the magistrate judge who tried the case that he is the foundation that the district court required him to lay. There was a series of objections during the trial. I understand that. And the word foundation was never mentioned. You never argued to the magistrate judge. The district court said we could lay a foundation for admissibility and we've done that in this fashion. You just kept arguing that you want to be able to use the evidence and that was contrary to the way the district court had things set up. I think the plain language of the objections, your honor, with all due respect, were that the foundation was laid. I think the question about whether or not evidence that was presented at trial about a SWAT team coming to a private individual's home was sufficient foundation in and of itself to show that there was excessive force being used. So that when it was presented to the judge that all of these. But you weren't prevented from showing that a SWAT team came. I mean how did you make the tie that evidence as to how the warrant came about was going to be relevant to excessive force? That's the foundation you had to lay. You had to show that there was something about how the warrant came into existence that was relevant to the issue that was on trial, which was the issue of excessive force. I think that to answer that question, your honor, there were many instances where that came up during the trial, but probably the most prominent instance is when on direct examination defense counsel asked the lead detective about what he did in order to get to the point of having a SWAT team at the residence and he talked about using this matrix formula. It was very brief, but at that point it completely opened the door to the idea that there was some sort of analysis that allegedly was objective and not subjective that was used in order for the SWAT team to be there. What did you not get to put in that you wanted to put in? There were all sorts of things from the get-go. The first is that... Related to this particular issue of the excessive use of force? Yeah, you say that you were excluded from putting various things in by this evidentiary ruling. Well, the plaintiff's main theory, your honor, was that this was a ruse used by this detective in order to... I'm just saying, what is the evidence that... Did the jury know that there was a SWAT team? They knew there was a SWAT team. So what did you not get to tell the jury in consequence of this evidentiary ruling that you would have liked to? And what can we tell from the record what that is? First, that the detective erred because the defendant in the criminal case was not a criminal. He's not a felon, so that there was no probable cause to show that he was a prohibited person in possession of weapons. Secondly, that that information went into the matrix analysis in order to rise to the level of the SWAT team being used and employed, and that that was the general principle, that it was the lead detective's determination. So the point is, what was prejudicial about this is that although they knew a SWAT team came, to know how disproportionate, in your view, that decision was, they would have had to know these other facts about the person who was the object of the search. Yes. Because if they knew how when they were then there, they would have also acted disproportionately. Is that the idea? That's part of the idea, Your Honor. The other part is the reckless conduct and mindset of the lead detective in terms of it carrying over to damages and what happened at the scene. So that the whole story was not told, only part of the story was told, and the jury was left to guess about what happened before, or not know, so that it prejudiced the rights of the plaintiff. And the court, if I can just point out, the plaintiff I'm representing now was an occupant of the house, resident, not a named party nor a charge party in the crime, who was suffering excessive... And just so I understand what the arguments were at trial before the jury, the defendant's argument as to what happened was that there was a dispute about that. So doesn't that make your argument about prejudice somewhat more difficult, or maybe not? I mean, I could see that prejudice mattering more if there was just a dispute about there was force used, everybody agrees there was force, and then the fight is simply whether he was excessive in using that amount of force. But if the debate is whether there was force at all, how would this other evidence really tip you over to thinking that the jury would have thought, based on the evidence it heard, actually force was used? I think that's a very good point, Your Honor, and I cited Hart v. Board of Commissioners that states that the use of a tactical SWAT team in and of itself can be deemed to be excessive use of force when the lady of the joint... But they knew the SWAT team was used. What do you mean? They knew that a SWAT team was used and they found no excessive force. But that opened the door to the rest of the questions that the jury would have had about why a SWAT team was there, which needed to be answered in their mind in order to not prejudice the rights of the plaintiff. But how does that bear on the question when the jury apparently found that there was no force? They bought the state's explanation that there was, or the county's explanation, that there was no force at all. Because they did not have the rest of the story in terms of... But how would that have borne on... That might have explained that the SWAT team was an excessive response, but it wouldn't have borne on whether force was used once the SWAT team got there. It wouldn't have any relation to that. Well, what it did, Your Honor, is that the same person who used the excessive force was the individual who made quantum leaps and reckless judgments in terms of obtaining the warrant. So that his state of mind in terms of doing that could have certainly be contemplated by the jury to show that he was not being reasonable and that he was being reckless or maybe even intentionally, fraudulently submitting an affidavit to a magistrate. But I thought you... Maybe I'm misunderstanding. I thought your claim for use, and it was disproportionate to use a SWAT team, but that then at the scene, force was used against your client. That's correct. Okay, so if that's right, it's not going to be enough for you to show prejudice to demonstrate that it was reckless to use a SWAT team. You've got to show that that other evidence would have tipped a jury into believing, contrary to the government's contention, that force was used at the scene. That's correct. So is the idea that if they knew how disproportionate they were acting from the beginning, they would just disbelieve the officer's contention that he didn't use force at the scene? Absolutely. They were completely contradictory stories about what happened at the trial in terms of what type of force was used and how this officer, who was the officer who completed all the steps individually, was the person who used that force against the client. Would the jury have been under the impression, in your view, that that was a proportionate response? At the trial? Yes. Yes, because there was no explanation. So the idea would have been if you could have undermined that, then that would have also helped to undermine the credibility of the contention about what happened at the scene, too. Absolutely. And that was the whole  point. Thank you, Your Honor. May it please the Court. Peter Marchese for the appellee and the defendant below, Brian Ackerman. The issue, as I understand it on appeal, is whether the trial judge abused his discretion in excluding evidence of the circumstances surrounding the procurement of a warrant when the issue at trial was whether the defendant used excessive force in executing the warrant. That was the sole issue at trial. And as Judge Selyas pointed out, whether the search should have been allowed, or the procurement of the warrant should have been an issue in itself at trial, was resolved well before the trial. That was not an order. It was an agreement. And in any event, when there was finally a motion filed on that issue and the motion was denied, that has not been appealed. So the focus of what we're talking about today is whether Judge Nivisen, the magistrate judge, abused his discretion in excluding evidence of the things that went into the procurement of the warrant. And the question is, how would those have been relevant to the question of whether my client used excessive force in executing the warrant at the time of the search, events which happened completely independent from the procurement of the warrant, and the lower court, both on the summary judgment record, although that's not relevant here. Was the jury apprised by evidence that you put forward that the search was a valid and proportionate search? There wasn't any discussion about the nature of the search. That wasn't the issue at trial. The jury was given the warrant. It was offered by the plaintiff and admitted into evidence at the plaintiff's instance. But the procurement of the warrant was never relevant. So your side never addressed why there was a SWAT team called? Well, actually, that's interesting. That issue, because it was raised by the plaintiff, and if you look through the trial transcript, you'll see that from the very beginning, even though that wasn't an issue, plaintiff's counsel repeatedly said this person who used the force was the proponent for this warrant. It was an overreaction. He talked about up in Maine coming loaded for bear, and that this was completely disproportionate in the evidence that was put in. And because this is an attack on the verdict, we viewed the evidence in the light most charitable to the verdict. The evidence was that this officer did not have the discretion to assemble a SWAT team. He simply provided factual information. And then another witness, Regan Gowen, testified that it was he, together with the chief deputy of the Sheriff's Department, who assembled the so-called SWAT team, actually, the emergency services unit. That was an independent decision that was made. So actually, the evidence crept into the case, and there was argument from counsel, but no evidence that this defendant overreacted by using a SWAT team. And the actual evidence was that this defendant did nothing but put information into a matrix, and that others made decisions. How does this issue come to us on appeal? Was there an attempt to proffer some evidence that was an objection that was sustained by Judge Neverson? No, Your Honor. So in other words, was there any offer of proof made at trial? No, Your Honor. We mentioned that briefly, I think, in footnote three on page six of our brief. This is simply an appeal based on Judge Hornby's order saying that the invalidity of the actions going into the warrant weren't properly before the court, and couldn't be shown at trial unless a proper foundation was laid. I don't mean this in a disparaging way, but as I read the appellant's brief, I'm Judge Hornby held this Rule 56 conference and said, counsel, what are the issues for summary judgment? There was this discussion, this agreement, and then subsequent to the conference, plaintiff's counsel filed a motion to amend the complaint after the close of discovery and said, well, we want to make clear that the validity or invalidity of the warrant is an issue, and Judge Hornby said no. That has not been appealed. So that's gone. What Judge Hornby did say, and I think it's probably dicta, but it doesn't matter, because Judge Nivisen said in the trials, look, we're not saying that none of the evidence surrounding the procurement of the warrant can come in. What we're saying is you've got to show us, you've got to tie it under Rule 401. It's got to be relevant to the excessive force issue. So for example, if the defense had been, hey, look, we used force, and boy, that force might seem excessive, but if you look at what we're dealing with here, who these people are, what the nature of the warrant is, now you can understand why it wasn't unreasonable. And that's what Judge Nivisen said. What if they said, I guess this is what I'm having trouble with, maybe they haven't raised this issue on appeal just because of the way the appeal's framed, but if the issue on appeal is had they laid a foundation? Is that appealed? In other words, effectively there's a ruling that we're denying this because I told you how to lay a foundation, you didn't lay a foundation, so it's denied. That is a ruling that itself is appealable, obviously. One way to understand what's being said to us is that they are challenging the conclusion that no foundation was laid because it's just plain on its face what the argument is when you're saying that they came in with a SWAT team for this case, that that would be plainly relevant to making an argument that they were loaded for bear, just as you said they presented. So in that sense, the foundation was laid just by the fact of the SWAT team. Is that issue presented on appeal? That's not what they said. What they're saying is, and they keep talking about... When you say that's not what they said, you mean that's not what they said in their appellate brief? Or below, okay? What he just said to you here is they were quantum leaps and reckless judgments and maybe fraud in the procurement of the warrant. So the decision to use the SWAT team, and this is on the record... But you just said below they said that they came loaded for bear. That was stated during the closing argument and opening statement.  There was no evidence put in. There was no evidence put in as to what that evidence would have been and how it would have been relevant to the question of whether the force that was allegedly used was... But this is what I'm having a little bit of trouble with. Maybe it's not being raised on appeal, but I'm not sure you're saying it isn't raised on appeal. But I understand that the evidentiary ruling was you had to lay a foundation. Then if they're appealing that ruling, the question simply is, was a sufficient foundation laid such that it was error to exclude the evidence? And I'm having a little bit of trouble seeing why bringing a SWAT team might not itself suffice to be the foundation for an argument that the search is relevant because it can demonstrate that they came loaded for bear, which is just intuitively of some relevance as to whether the officer in the moment was also loaded for bear and therefore likely to do what the plaintiff said, which is use excessive force. It doesn't mean he wins on that. But just in terms of common sense arguments of the jury, that all seems to detract from me. So where is it going wrong? So as I understand the issue on appeal, the plaintiff is saying we should have been able to introduce evidence of what went into the affidavit that the mutual and detached magistrate reviewed and endorsed as sufficient to find probable cause to issue the warrant because that bears on the question of whether there was excessive force. And at trial, the issue of excessive force was whether my client put his hands on the plaintiff and injured her. And that goes to the second argument, which is raised on appeal, which I'm not going to talk about unless I'm asked about it,  and that sort of thing. So this was a physical injury case. But I thought, but still it's the same point, isn't it? The evidence about what went into the affidavit is relevant because the weaker the case for the warrant, the more plausible it is the contention that this officer came loaded for bear by bringing a SWAT team. That's just intuitive, isn't it? Sure, I'll accept that for purposes of... And doesn't that then help suggest that that adds at least some basis for concluding that the plaintiff's story, that that officer then laid hands on the plaintiff, has some plausibility. Whereas if the evidence was that he came in very mild-mannered and he had lots of evidence for the search, that would be less strong. I don't think so, Your Honor. You don't think the jury couldn't have made that inference? Yes, the jury would have had to have said that because... Not because of that. Because of the plaintiff's testimony about what happened. And then they would say it was corroborated by the inference one could draw from the manner in which the search was conducted. What's so hard to... Well, they would have had to have said we disbelieve the officer's testimony because we find that he was careless in the manner in which he... And we believe the plaintiff because of the corroboration that we can get from the way in which the initial search was conducted. I guess I'm struggling to connect those dots and maybe I'm missing something. But I think more fundamentally, there was no offer of proof made. This is an abuse of discretion standard and the judge gave the plaintiff ample opportunity to lay a foundation for this trial. It was not done and under the law that governs this appeal, including that standard and the lack of evidence on the record in terms of a 103B offer of proof, the appeal should be denied and the verdict affirmed. Thank you, Counsel. Thank you, Your Honor.